UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY
Case Number: 22-21546

TATA NYK SHIPPING PTE LTD.,

    Plaintiff,

v.

WORLD FUEL SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff TATA NYK SHIPPING PTE LTD., ("TATA NYK"), by and through undersigned counsel and for its Complaint against Defendant WORLD FUEL SERVICES, INC., ("WFS") states as follows:

### I. STATUS OF THE PARTIES

1. At all times material TATA NYK was a business entity organized under the laws of the Republic of Singapore with its principal place of business located in Singapore and was engaged as time charterer and operational and commercial manager of ocean-going vessels. TATA NYK was and is the time charterer and operator of the motor vessel (M/V) GENEROSITY.

2. At all times material WFS was and is a foreign corporation which upon information and belief has its principal place of business at 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178, is registered to do business in the State of Florida and is engaged in the business of the sale and delivery of fuel oil (known in the marine industry as "bunkers") to ocean-going vessels.

### II. JURISDICTION AND VENUE

3. This action arises within this Court's Admiralty and Maritime jurisdiction under 28 U.S.C. 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as this action arises from the breach of a maritime contract. In the alternative, this action arises under the Court's diversity jurisdiction under 28 U.S.C. 1332 with an amount in controversy in excess of $75,000 exclusive of interest and costs.

4. The amount in dispute is in excess of $490,000.00.

5. Venue is proper in this district as WFS has its principal place of business in this district and is subject to personal jurisdiction in this district. Additionally, WFS' standard terms and conditions include a venue selection clause that purports to mandate *inter alia* that any dispute related to the quality or quantity of bunkers shall only be resolved in a court in Miami-Dade County, Florida.

6. WFS, personally or through their agents or representatives:

    a. Operated, conducted, engaged in or carried on a business venture in the state of Florida and/or has an office or agency in this state; and/or

    b. Were engaged in substantial business activity within the state of Florida; and/or

    c. Committed one or more of the acts identified as giving rise to jurisdiction in Florida Statutes §§48.081, 48.181, or 48.193; and/or

    d. Engaged in continuous and non-isolated activity within the state of Florida, including but not limited to:

        (i) Entering into contracts, undertakings and agreements with various third parties as part of its above described business activities, which required and contemplated regular actions and activities to be performed within the state of Florida and its territorial waters as well as the territorial waters of the United States; and/or

  e. Operated, conducted, engaged in or carried on a business venture in the United States or has an office(s) or agency in the United States; and/or

  f. Were engaged in substantial business activity within the United States; and/or

  g. Are subject to service and jurisdiction under the provisions of Fed.R.Civ.P. 4(k); and accordingly, are subject to the jurisdiction of this Court.

### III. FACTUAL ALLEGATIONS RELATED TO M/V GENEROSITY

7. At all times material, TATA NYK was the time charterer of the M/V GENEROSITY with an obligation under the charter with the vessel owners to provide bunkers of a specified quality and quantity.

8. On or about June 20, 2021 WFS contracted to provide bunkers of a specified quality and quantity to the vessel M/V GENEROSITY at the port of Singapore in the Republic of Singapore; the delivery in question called for 1,000 metric tons of bunkers of fuel grade VLSFO/ISO 8217: 2010 RMG380 Max 0.50%. See Order Confirmation attached as Exhibit "1".

9. On or about June 22 – 23, 2021 WFS supplied the VLSFO[1] marine fuel at issue to the M/V GENEROSITY at the port of Singapore in the Republic of Singapore through a local supplier.

10. The VLSFO marine fuel provided to the vessel by WFS was not in accordance with the quality specifications agreed upon between WFS and TATA NYK and due to the off-specification condition of the fuel it caused damage to the vessel's fuel pump system, necessitated additional maintenance and cleaning of the fuel pump system, the vessel was delayed and the fuel had to be removed from the vessel's fuel tanks in order to prevent damage to the vessel's engines;

---

[1] Very Low Sulpher Fuel Oil.

all damages which the vessel owners are seeking to recover from plaintiff. TATA NYK also bore the costs of obtaining substitute fuel for the M/V GENEROSITY.

11. On or about June 29, 2021 TATA NYK notified WFS that the VLSFO marine fuel provided to the vessel by WFS was not in accordance with the quality specifications agreed upon between WFS and TATA NYK.

## COUNT I – BREACH OF CONTRACT AGAINST WFS

12. TATA NYK realleges and incorporates by reference the allegations contained in paragraphs one (1) through eleven (11) above as if fully alleged herein.

13. WFS entered into a valid contract with TATA NYK to provide bunkers of a specified quality and quantity to the vessel M/V GENEROSITY at the port of Singapore in the Republic of Singapore.

14. TATA NYK did all of the essential things which the contract required it to do and has satisfied all conditions precedent to bringing this action.

15. All conditions required by the contract for WFS' performance have occurred.

16. WFS materially breached the contract by failing to provide VLSFO marine fuel in accordance with the quality specifications agreed upon between WFS and TATA NYK.

17. As a direct result of WFS' breach of the contract TATA NYK has suffered damages as alleged above.

WHEREFORE TATA NYK demands judgment against WFS for damages incurred in excess of $490,000 as a direct result of WFS' breach of contract as well as any further relief this Court deems proper.

## COUNT II – INDEMNITY AGAINST WFS

18.     TATA NYK as the time charterer of the M/V GENEROSITY had an obligation under its charter with the owners of the M/V GENEROSITY to provide VLSFO marine fuel in accordance with the quality specifications agreed upon between WFS and TATA NYK. If TATA NYK is found liable to the owners of the vessel for any of the damages they allege, said liability would only be as a result of the fault, actions or omissions of Defendant WFS and Plaintiff TATA NYK would be entitled to indemnity from WFS together with any fees or other costs incurred in defense of the claim by the vessel owners.

19.     Defendant WFS owed a duty to exercise reasonable care under the circumstances in the delivery of bunkers to the M/V GENEROSITY.  Defendant WFS breached its duty through the following acts and omissions:

    a.     WFS negligently failed to test the bunkers delivered to the M/V GENEROSITY;

    b.     WFS negligently failed to ensure the bunkers delivered to the M/V GENEROSITY complied with the agreed specifications;

    c.     WFS was negligent in the supervision of the bunker tanker that WFS hired to deliver the bunkers to the M/V GENEROSITY;

    d.     WFS negligently failed to warn TATA NYK that the bunkers did not meet the agreed specifications.

20.     At all times material hereto, Defendant, WFS, knew of the dangerous and off-specification condition of the bunkers and failed to warn TATA NYK of those conditions, or the conditions existed for an extended period of time such that the Defendant, in the exercise of reasonable care under the circumstances should have learned of them and warned of them.  This knowledge should have been acquired during the Defendant, WFS' oversight of the bunker tanker.

21.     Accordingly, if TATA NYK were found responsible for the damage to the M/V GENEROSITY and / or the vessel's machinery or any other damages claimed by the owners of

the vessel it could only be by reason of the actions, negligence and/or omissions of Defendant WFS.

22.     Due to the contract between TATA NYK and WFS the parties have a special relationship such that TATA NYK, without any fault on its part, may be held specially, vicariously, technically, or derivatively liable for alleged negligence of Defendant, WFS, in the delivery of the relevant bunker delivery.

23.     As a direct and proximate result thereof, TATA NYK would be entitled to indemnity over and against Defendant WFS for any loss and/or damages awarded to the owners of the M/V GENEROSITY, including but not limited to, the costs and attorney's fees for defending the vessel owner's claims.

WHEREFORE, TATA NYK moves that this Court:

A.     Enter judgment against the Defendant WFS for any amount that TATA NYK may be required to pay the owner of the M/V GENEROSITY for damage caused by the off-specification bunkers;

B.     Award TATA NYK any attorney's fees or other costs incurred in defending the claims of the owner of the M/V GENEROSITY;  and,

C.     Award TATA NYK such other and further relief as this Court deems just and equitable.

Respectfully submitted the 19th day of May, 2022.

> */s/ Ryon L. Little*
> Ryon L. Little
> Fla. Bar No. 26402
> Charles G. De Leo
> Fla. Bar No. 353485
> De Leo & Kuylenstierna, P.A.
> 8950 SW 74th Court
> Suite 1710
> Miami, Florida 33156
> Telephone: (786) 332-4909
> Counsel for Plaintiff